**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-3262 PA (CWx) | Date | June 20, 2013 |
|---|---|---|---|
| Title | United Fabrics International, Inc. v. Club Z, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:

None

Attorneys Present for Defendants:

None

**Proceedings:**     ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff United Fabrics International, Inc. ("Plaintiff"). Plaintiff alleges claims for copyright infringement against defendants Club Z, Inc., Gordmans, Inc., and The TJX Companies, Inc. According to the Complaint, defendants Gordmans and TJX Companies are each alleged to have infringed one of two different copyrights owned by Plaintiff. Defendant Gordmans allegedly purchased, distributed and sold garments with a textile print substantially similar to Plaintiff's two-dimensional textile design called Lavanya. Defendant TJX Companies allegedly purchased, distributed and sold garments bearing Plaintiff's textile design called African Leaf. Club Z is alleged to have supplied the different infringing products to the retailer co-defendants, Gordmans and TJX Companies.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it does not appear that there is a question of fact or law common to all defendants, nor is it clear that Plaintiff's claims against defendants arise out of the same transaction or occurrence. Specifically, it is not apparent that the mere fact that Club Z is the

**SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-3262 PA (CWx) | Date | June 20, 2013 |
|---|---|---|---|
| Title | United Fabrics International, Inc. v. Club Z, Inc., et al. | | |

supplier to the retailer co-defendants of different goods that infringe different copyrights owned by Plaintiff is enough to satisfy Rule 20(a)(2).  See, e.g., Star Fabrics, Inc. v. Sears Roebuck & Co., 2013 U.S. Dist. LEXIS 49204 (C.D. Cal. Apr. 4, 2013) (Order to Show Cause).

The Court therefore orders Plaintiff to show cause in writing, no later than July 1, 2013, why one or more defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

In response to this Order to Show Cause, Plaintiff may, if it so chooses, file a separate action against Club Z and one of the retailer co-defendants, with new a complaint and filing fee.

IT IS SO ORDERED.